IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Case No. **11-cr-30011-MJR** |
| ) | |
| **DONALD W. CLARK**, ) | |
| ) | |
| Defendant. ) | |

# ORDER

**REAGAN, District Judge:**

In April 2011, a jury found Defendant Donald W. Clark guilty of distributing cocaine base, and on July 28, 2011, Clark was sentenced to 210 months in prison. Now, approximately four months after the entry of judgment, Clark, proceeding pro se, is before the Court requesting free copies of the court file and transcripts, which he indicates he needs for an appeal (Doc. 47).

As a general matter, defendants have no constitutional right to a complimentary copy of any document in their court file. *See United States v. Groce,* 838 F.Supp. 411, 413-414 (E.D.Wis.1993). However, there are statutory provisions for providing copies of documents and transcripts in connection with post-conviction proceedings by those who have been granted pauper status. *See* 28 U.S.C. §§ 753 and 1915. For example, if Clark files a direct appeal, the Clerk of Court will ensure that the record on appeal is prepared and transmitted to the Court of Appeals.

The Court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files (*i.e.,* through his trial counsel); (2) that he is financially unable to secure access to his court files; and (3) that the documents requested are necessary for the preparation of some specific non-frivolous court action. *See* 28 U.S.C. §§ 753(f), 1915(a) and (c); *United States*

1

*v. Wilkinson,* 618 F.2d 1215, 1218-1219 (7th Cir.1980); *Rush v. United States,* 559 F.2d 455, 459 (7th Cir.1977); *Groce,* 838 F.Supp. at 413-414. These minimal requirements do not impose any substantial burden to financially disadvantaged prisoners who desire their records be sent to them at government expense.

At this juncture, it appears that it may be too late for a direct appeal, but that is not for this Court to decide. However, a collateral attack pursuant to 28 U.S.C. § 2255 is certainly possible. In any event, Clark has not moved for pauper status, nor has he formally initiated any sort of proceeding. Therefore, his motion for copies is premature.

**IT IS THEREFORE ORDERED** that Defendant Donald W. Clark's motion for copies (Doc. 47) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: November 16, 2011**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**